IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ARISTIDES JURADO, et al.,

      Plaintiffs,

                                      Case No. 2:15-cv-74
   v.                              JUDGE GREGORY L. FROST
                                      Magistrate Judge Terence P. Kemp

AMY C. STONE, et al.,

      Defendants.

## OPINION AND ORDER

       This matter is before the Court for consideration of Plaintiffs' April 16, 2015 emergency motion for a temporary restraining order and an expedited preliminary injunction. (ECF No. 15.) In this motion, Plaintiffs ask this Court to issue a temporary restraining order without notice to Defendants that would enjoin the state court from issuing any judgments or orders and from conducting any proceedings in an underlying state court child custody case. Plaintiffs also specifically seek to enjoin the state court from proceeding on any collateral matters, including a contempt proceeding against Plaintiff Aristides Jurado scheduled for April 16, 2015.

       The Court can issue a temporary restraining order without notice to Defendants under limited circumstances: if Plaintiffs have alleged specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to [Plaintiffs] before [Defendants] can be heard in opposition" or if Plaintiffs' "attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Impossibility of notice is not at issue here. Rather, the *pro se* Plaintiffs argue that exceptional circumstances exist to justify a without-notice injunction. Specifically, Plaintiffs again contend that a conspiracy exists involving numerous state actors and other individuals who are discriminating against them.

Similar to their first motion for an *ex parte* injunction, Plaintiffs' newest vague and essentially conclusory allegations of wrongdoing present insufficient facts to support granting a temporary restraining order without notice–or even *with* notice.  Moreover, despite Plaintiffs' conclusory assertion to the contrary, their filings, including their proffered 1,004-paragraph amended complaint, indicate that abstention and dismissal are ultimately warranted.

Plaintiffs' convoluted and often inapplicable claims and the relief sought invoke application of the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971).  In that case, the United States Supreme Court explained that federal courts should not interfere with state court proceedings under specified circumstances.  *Id.* at 43-44.  More recently, the Supreme Court defined the scope of the doctrine in *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013).  The Supreme Court explained that the doctrine applies to "ongoing state criminal prosecutions," "certain 'civil enforcement proceedings,' " and "pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.' " *Id.* at 591 (quoting *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)).

Following *Sprint Communications, Inc.*, *Younger* has been applied to a federal action arising from an ongoing child custody dispute.  *See Graham v. N.Y. Center for Interpersonal Dev.*, No. 15-CV-00459 (PKC), 2015 WL 1120120, at *3 (E.D. N.Y. Mar. 21, 2015).  This Court agrees with *Graham* and the conclusions that " 'there can be no doubt that a custody dispute . . . raises important state interests' " and is traditionally an area of state concern.  *Id.* at *3 (quoting *Reinhardt v. Commonwealth of Mass. Dep't of Soc. Servs.*, 715 F. Supp. 1253, 1256 (S.D. N.Y. 1989)); *see also Graham v. Criminal Court of the City of New York*, No. 15-CV-00337, 2015

WL 427981, at *3 (E.D. N.Y. Feb. 2, 2015) (recognizing that *Younger* applies where the relief a plaintiff seeks involves intervening and interfering with orders issued in a state custody proceeding); *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (*Younger* abstention case stating that "cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody"); *Hughes v. Hamann*, 23 F. App'x 337, 337 (6th Cir. 2001).  The Court also recognizes that the *Younger* doctrine applies to a state court contempt proceeding.  *Cf. Sprint Commc'n, Inc.*, 134 S. Ct. at 592; *see also Juidice v. Vail*, 430 U.S. 327, 335-36 & n.12 (1977); *Tarapchak v. Schuylkill Cnty.*, No. 3:13-1895, 2014 WL 4626701, at *16 (M.D. Pa. Sept. 15, 2014).

None of the possible exceptions disfavoring abstention are present here.  Plaintiffs have failed to demonstrate that the exercise of jurisdiction is appropriate by directing this Court to any requisite extraordinary circumstance that would make abstention inappropriate, such as bad faith, harassment, or a patently invalid state statute.  There is no basis to conclude that the Ohio state court is an inadequate forum in which Plaintiffs can raise any constitutional claims.

Because *Younger* applies, this Court cannot afford Plaintiffs the injunctive relief they seek.  *See Sun Refining & Mktg. Co.*, 921 F.2d at 639 ("when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief" (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976))).  *Cf. Wong-Opasi*, 8 F. App'x 340 (holding *Younger* abstention appropriate to § 1983 action in which plaintiff sought a temporary restraining order).  The fact that the *Younger* doctrine precludes the exercise of jurisdiction in this action–an action in which Plaintiffs' diverse claims overlap so that they invariably spill into interference with the state

court proceedings or demand overturning decisions in contravention of another abstention doctrine–also means that the Court may in its discretion dismiss the case. *See Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 702 (6th Cir. 2013) (recognizing dismissal when *Younger* applies and injunctive relief is sought); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328 (6th Cir. 2007) (upholding dismissal predicated on *Younger* abstention).

In light of the foregoing, the Court **DENIES** the request for issuance of an *ex parte* temporary restraining order or, in the alternative, a temporary retraining order issued after notice to Defendants (ECF No. 15), **ABSTAINS** from exercising jurisdiction, and **DISMISSES** the captioned case without prejudice.[1]  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                                              /s/ Gregory L. Frost
                                             GREGORY L. FROST
                                             UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiffs did not strictly comply with this Court's filing procedures, the Clerk's Office filed the motion under seal pursuant to this Court's direction in light of the fact that the motion was for *ex parte* injunctive relief.  The Clerk should now unseal the motion on the electronic docket.